IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| B.R. BROOKFIELD COMMONS NO. 1 LLC, | ) | Case No. 11-29334 |
| | ) | Judge James E. Shapiro |
| Debtor/Debtor-in-Possession. | ) | |

**MOTION FOR AUTHORITY TO USE
CASH COLLATERAL AND FOR RELATED RELIEF**

B.R. BROOKFIELD COMMONS NO. 1 LLC, a Wisconsin limited liability company, Debtor/Debtor-in-Possession herein, by and through its Attorneys, makes its Motion pursuant to Section 363 of the Bankruptcy Code and Rule 4001(b) of the Federal Rules of Bankruptcy Procedure For Authority to Use Cash Collateral and For Related Relief; and in support thereof, states as follows:

**Introduction**

1. On June 10, 2011, the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code ("Petition Date").

2. The Debtor is operating its business and managing its financial affairs as Debtor in Possession. No trustee, examiner or committee of unsecured creditors has been appointed to serve in this reorganization case.

3. By this Motion, the Debtor requests that this Court authorize it to use certain cash and cash equivalents that allegedly serve as collateral for claims asserted against the Debtor and its property byTS7-E Grantor Trust ("Trust") and Integrity Development ("Intergrity")(collectively "Lenders").

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334.

5. This matter constitutes a "core" proceeding within the meaning of 28 U.S.C. Section 157(b)(2)(A), (M) and (O).

1

6. The statutory predicates for the relief requested in this Motion are Section 363 of the Bankruptcy Code and Rule 4001(b) of the Federal Rules of Bankruptcy Procedure.

**Relevant Factual Background**

7. The Debtor is a Wisconsin limited liability company that is the part owner and operator of a commercial shopping center located in Brookfield Commons, Wisconsin, known as "The Shoppes at Brookfield Commons" ("Property"). The other owner and operator is B.R. Brookfield Commons No. 2 LLC.

8. The Property is comprised of approximately fifteen (16) units of retail shopping center space and is located at 15445 Bluemound Road, Brookfield, Wisconsin.

9. The Debtor's operational and profitability problems are principally due to the general economic problems facing this country over the last several years (particularly in real estate) which has resulted in periodic declines in occupancy levels, extended time required to bring occupancy levels back to proper levels and tenants' needs to renegotiate their leases. This has been exacerbated in the Debtor's case by reason of mortgage financing at high interest rate levels, from which the Debtor has been unable to get any relief.

10. The Debtor has attempted, without success, to engage the lender, which the Trust purchased the loan from, in discussions over a restructuring of the underlying mortgage indebtedness.

11. Based upon the underlying loan documents of the Lenders, the cash collateral issues in this Chapter 11 case relate to the rents generated at the Property.

2

Case 11-29334-jes    Doc 3    Filed 06/10/11    Page 2 of 6

**Use of Cash Collateral**

12. The Trust asserts a senior position mortgage lien and claim against the Property which purportedly secures a senior mortgage indebtedness of approximately $8,900,000.00. In addition to its mortgage liens on the Property, the Trust asserts a security interest in and lien upon the rents being generated at the Property. Integrity asserts a junior position mortgage lien and claim against the Property which purportedly secures a junior mortgage indebtedness of approximately $2,539,375.00. In addition to its mortgage liens on the Property, Integrity asserts a security interest in an lien upon the rents being generated at the Property.

13. In order for the Debtor to continue to operate its business and manage its financial affairs, and effectuate an effective reorganization, it is essential that the Debtor be authorized to use cash collateral for, among other things, the following purposes:

    A.    Maintenance and Repairs;
    B.    Insurance;
    C.    Utilities;
    D.    Real estate management fees;
    E.    Other miscellaneous items needed in the ordinary course of business.

Attached to this Motion as **Exhibit A** are the Debtor's monthly cash flow projections for the period June 9, 2011, through September 11, 2011 (the "Budget") for the Property. This Budget itemizes the Debtor's cash needs during the relevant period.

14. Use of cash collateral to pay the actual, necessary and ordinary expenses to maintain the Debtor's business and Property, as set forth in the Budget, will preserve the value of the Debtor's assets and business and thereby ensure that the interests of creditors that have or may assert an interest in both cash collateral and the Debtor's

other assets are adequately protected within the meaning of Sections 361, 362 and 363 of the Bankruptcy Code.

15. The Debtor proposes, subject to the approval of this Court, to use cash collateral in which the Lenders asserts an interest. The Debtor's proposal will permit the Debtor to sustain its business operations and reorganize its financial affairs through the implementation of a successful plan of reorganization. Furthermore, the Debtor's proposal will adequately protect the purported secured interests of the Lenders.

16. Unless the Debtor is authorized to use cash collateral in which the Lenders asserts an interest, the Debtor will be unable to continue to operate its business and manage its property, thereby eliminating any reasonable prospect for a successful reorganization. The cessation of normal business operations by the Debtor will cause irreparable harm to the Debtor, its creditors and this estate.

17. The Debtor proposes to use cash collateral and provide adequate protection to the Lenders upon the following terms and conditions:

    A. The Debtor will permit the Lenders to inspect, upon reasonable notice, within reasonable hours, the Debtor's books and records;

    B. The Debtor shall maintain and pay premiums for insurance to cover all of its assets from fire, theft and water damage;

    C. The Debtor shall, upon reasonable request, make available to the Lenders evidence of that which purportedly constitutes its collateral or proceeds; and

    D. The Debtor will properly maintain the Property in good repair and properly manage such Property.

    E. The Debtor will continue to make monthly deposits into a real estate tax escrow account.

18. Further cash flow budgets, if necessary, will be submitted to this Court pursuant to this Motion. The Debtor will make the expenditures set forth on Exhibit A to this Motion plus no more than 10% of the total proposed expense payments, unless otherwise agreed by the Lenders or upon further Order of this Court.

**Conclusion**

19. The Debtor requests, pursuant to Rule 4001(b)(2) of the Federal Rules of Bankruptcy Procedure, that this Court conduct a preliminary hearing to authorize the Debtor's interim use of cash collateral pending a final hearing on this Motion.

20. The Debtor believes that it is in the best interests of the Debtor, its creditors, and this estate to authorize it to use that portion of its assets herein requested, all or a portion of which may constitute cash collateral, in that, without the limited use of those assets as herein requested, the Debtor will be unable to pay and satisfy its current operating expenses thereby resulting in immediate and irreparable harm and loss to the estate.

21. For the reasons set forth herein, this Court should grant the relief requested in this Motion.

WHEREFORE, B.R. BROOKFIELD COMMONS NO.1 LLC, an Illinois limited liability company, as Debtor/Debtor-in-Possession herein, prays for the entry of an Order as follows:

A. Authorizing the Debtor to use cash collateral in which the Lender asserts liens, upon the terms and conditions set forth in this Motion, until further Order of this Court;

B. Preliminarily authorizing the Debtor to use cash collateral pending a Final hearing on this Motion;

C. Setting a final hearing on this Motion; and

D. Granting such other relief as this Court deems just and appropriate.

> B.R. BROOKFIELD COMMONS NO.1 LLC,
> Debtor/Debtor-in-Possession
>
> By: /s/Jeffrey C. Dan
>     One of its Attorneys

**DEBTOR'S COUNSEL**:
Jeffrey C. Dan. Esq. (Atty. No. 06242750)
David K. Welch, Esq. (Atty. No. 06183621)
Arthur G. Simon, Esq. (Atty. No. 03124481)
Crane, Heyman, Simon, Welch & Clar
135 South LaSalle Street, Suite 3705
Chicago, IL 60603
TEL: (312) 641-6777
FAX: (312) 641-7114
W:\Jeff\Brookfield Commons 2\Cash Collateral BR Brookfield 1.MOT.wpd